UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY ALLEN MCABEE,

    Plaintiff,

    v.                                       CAUSE NO. 3:19CV398-PPS/MGG

NATHAN CASHMAN, et al.,

    Defendants.

OPINION AND ORDER

Ricky Allen McAbee, a prisoner without a lawyer, filed a complaint (ECF 1) alleging that Nathan Cashman used excessive force against him while he was housed at the Porter County Jail. He also sues Sheriff David Reynolds, Jail Commander Steve Lawrence, and Assistant Jail Commander Ron Gaydos. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McAbee alleges that, on January 29, 2019, Cashman launched an unprovoked attack on him, punching him for no reason and causing severe injuries. Under the

Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Additional fact finding may demonstrate that force was used against McAbee in a good-faith effort to maintain or restore discipline, but, giving McAbee the inferences to which he is entitled at this stage of the case, I find that he has stated a claim of excessive force against Nathan Cashman based on the January 29, 2019, incident.

McAbee also asserts that Sheriff Reynolds, Commander Lawrence and Assistant Commander Gaydos are liable to him because they are responsible for the operation of the jail and training of officers. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). McAbee has not alleged that these

2

defendants were personally involved in causing his attack, and he therefore has not stated a claim against them.

To the extent that McAbee alleges that Sheriff Reynolds, Commander Lawrence, and Assistant Commander Gaydos are liable to him for failure to adequately train Nathan Cashman, that allegation also must be dismissed. An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," but McAbee's complaint does not allege a pattern of constitutional violations. The complaint merely makes vague allegations that the training of Nathan Cashman was inadequate. Thus, I cannot permit McAbee to proceed against Sheriff Reynolds, Commander Lawrence, or Assistant Commander Gaydos on a claim that they failed to adequately train Nathan Cashman.

ACCORDINGLY, the court:

(1) GRANTS Ricki Allen McAbee leave to proceed against Nathan Cashman for compensatory and punitive damages for using excessive force against him on January 29, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sheriff David Reynolds, Jail Commander Steve Lawrence, and Assistant Jail Commander Ron Gaydos;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nathan Cashman at the Porter County Sheriff's Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nathan Cashman to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 23, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT